Singh v. Garland

BIA
Poczter, IJ
A208 931 006

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of March, two thousand twenty-two.

PRESENT:
>        JOHN M. WALKER, JR.,
>        DENNIS JACOBS,
>        RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

GURJASPREET SINGH,
>        *Petitioner*,

>        v.                                    **20-1191**
>                                              **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Dalbir Singh & Associates, New
                           York, NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting
                           Assistant Attorney General; Holly
                           M. Smith, Senior Litigation

Counsel; Brett F. Kinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurjaspreet Singh, a native and citizen of India, seeks review of a March 13, 2020, decision of the BIA affirming an April 16, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurjaspreet Singh*, No. A208 931 006 (B.I.A. March 13, 2020), *aff'g* No. A208 931 006 (Immig. Ct. N.Y. City Apr. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that he was twice attacked by members of rival political parties on account of his support for the Shiromani Akali Dal Amritsar Party.

The agency reasonably relied on several omissions from Singh's application and his inconsistent testimony regarding the severity of his injuries. *See* 8 U.S.C.

§ 1158(b)(1)(B)(iii).  Singh testified that he received medical attention after both attacks and that his father accompanied him to a medical clinic both times; but he omitted these facts from the detailed written statement included in his application.  While the omission of minor medical treatment will not always support an adverse credibility determination, the IJ reasonably relied on these omissions because Singh volunteered the information on direct examination, his medical treatment was substantial (two different shots, pills, and a lotion, and a two-hour visit after the second attack), and when he attempted to explain the omission, he provided inconsistent testimony about the severity of his injuries. *Cf. Hong Fei Gao*, 891 F.3d at 78–82.  And those inconsistent explanations about the severity of his injuries further undermined his claim and did not explain the omissions.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).  The

4

agency also reasonably relied on Singh's omission from his application of his claim that his father accompanied him to the police station when he attempted to report the first attack, particularly as the application indicated that he went to the police station directly after the attack. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Second, the adverse credibility determination finds further support in the lack of reliable corroboration. "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably afforded Singh's supporting letters minimal weight because Singh provided inconsistent testimony about how he obtained the letter from the party president and the letters contained errors and omissions that called into question their veracity. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence").

5

In sum, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. This determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court